UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH DINAPOLI,

               Petitioner,

         -v.-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------------------------------x

ORDER

17-CR-89 (CS)

Seibel, J.

      Before the Court is Petitioner Joseph DiNapoli's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, (ECF 1195), the Government's opposition thereto, (ECF 1200), and Petitioner's reply, (ECF 1206). Familiarity with prior proceedings in the case, and with my prior orders on post-sentence applications by Petitioner, (ECF 952, 1026, 1028, 1060, 1066, 1185), is presumed. Those decisions are incorporated herein. For the reasons stated below, the Petition is DENIED. Further, to the extent the application is for reconsideration of previous denials of applications under 18 U.S.C. § 3582(c)(1)(A), it is also DENIED.

      A § 2255 petition is a vehicle for challenging a sentence as being "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is used to rectify "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F .3d 8, 12 (2d Cir. 1995) (cleaned up). It "does not afford a basis for reduction of . . . sentence," *He v. United States*, No. 98-CV-7968, 2000 WL 460449, at *1 (S.D.N.Y. Apr. 19, 2000), which is what Petitioner here seeks. The only glancing attempt he makes at alleging a basis for § 2255 relief is to claim a violation of due process or of the Eighth

Amendment. He does not describe any process he was due that he did not receive, or identify any other basis for a due process argument. Nor does his sentence – even if might exceed his life expectancy – amount to cruel and unusual punishment. *See, e.g., United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). The Petition is therefore denied.

Petitioner is really seeking reconsideration of my previous denials of sentence reduction. Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020). A defendant seeking reconsideration of the denial of a § 3582(c)(1)(A) motion likewise bears the burden of demonstrating an intervening change in law, new evidence, or clear error or manifest

injustice. *United States v. Jaramillo*, No. 17-CR-4, 2020 WL 4735338, at *1 (S.D.N.Y. Aug. 14, 2020).

The application for reconsideration is based on Petitioner's age, his poor health, the absence of violations of his pre-sentence release, and the risks presented by COVID-19. I was aware of Petitioner's age and health at the time of sentence and at the time of prior denials. Indeed, those factors influenced my decision to impose a below-Guidelines sentence. Petitioner's medical records reveal that he is receiving regular and thorough medical attention in prison. His condition is apparently not so serious as to require housing in a medical facility. I was likewise aware (both at the time of sentencing and the time of previous denials of reduction of sentence) that Petitioner had not violated the terms of his pre-sentence release.

Since my previous denials, a few things have changed. Petitioner has now served almost nineteen months of his 52-month sentence. Petitioner has now been vaccinated against COVID-19. Finally, while FCI Butner Medium II, where Defendant is incarcerated, had a serious outbreak of COVID-19, it appears to have passed, with (according to the Bureau of Prisons) only one inmate and one staff member currently positive, down from a high of 240 on January 27, 2021 (according to the Department of Justice Office of Inspector General COVID-19 Dashboard). The latter two facts demonstrate that, despite his health concerns, the risk to Petitioner has been substantially reduced. The former fact does not change my view that releasing Petitioner – less than halfway into his already below-Guidelines sentence – would undermine many of the § 3553(a) factors. As previously noted, (ECF 1026):

> [Petitioner] is a lifelong mobster who rose to the position of consigliere, a leadership role, in a murderous organization. He capitalized on and enriched himself through the violence and fear inflicted by that organization, and his position allows him to direct the activities of others. Prior significant sentences have done nothing to deter him. The instant case is his tenth conviction and his fifth federal conviction. It would grossly undermine several

> of the 3553(a) factors to release Defendant now, when he has served less than [nineteen] months of his sentence. Such a substantial reduction would not give sufficient weight to either the seriousness of the offense or Defendant's eye-popping criminal history; it would undermine respect for the law; it would not amount to just punishment; it would introduce unwarranted sentencing disparities; and it would not sufficiently address the need to protect the public from further crimes of Defendant. Defendant has a record of repeated and regular serious violations of law, and given this track record, there is little reason for confidence that he would now eschew his sworn loyalty to the Lucchese Family of La Cosa Nostra if the remainder of his prison term were eliminated. That he complied with his conditions of release before surrendering does not erase the concern that, as a lifelong mobster, he will, if his sentence is reduced, do what he has always done and revert to criminal activity. He thus presents a danger to the community.

The § 3553(a) factors continue to outweigh the extraordinary and compelling circumstances, and thus the application under § 3582(c)(1)(A) is denied.

For the reasons stated above, the Petition under 28 U.S.C. § 2255 is DENIED, and the application under § 3582(c)(1)(A) is denied.

SO ORDERED.

Dated: September 8, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.